TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Matthew.Williams3@usdoj.gov

LORINDA LARYEA
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

SHANE BUTLAND
William Hochul III
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-286-1177
Email: Shane.Butland2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Brian Rowan,<br>Defendant. | No. CR-26-00660-DGC (MTM)<br>**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16** |

The United States files this unopposed motion for a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) to restrict dissemination of the discovery material produced in this case. A proposed Protective Order is attached to this Motion.

On June 17, 2026, Defendant Brian Rowan ("ROWAN") was indicted by a grand jury in the District of Arizona. [ECF No. 3]. The Indictment charges him with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; health care fraud, in violation

of 18 U.S.C. §§ 1347 and 2; conspiracy to defraud the United States and to receive health care kickbacks, in violation of 18 U.S.C. § 371; paying health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b) and 18 U.S.C. § 2; and transactional money laundering, in violation of 18 U.S.C. §§ 1957 and 2. *Id*. The Indictment alleges that ROWAN, an executive of a company that sold amniotic membrane allografts, and his co-conspirators caused hundreds of millions of dollars in illegal kickbacks, bribes, and rebates to be paid to sales representatives and medical providers across the country to unlawfully induce medical providers to buy the company's allografts. *Id*. at 1. ROWAN and his co-conspirators are alleged to have used sham invoices and pass-through bank accounts associated with a shell company to conceal the illegal kickbacks, bribes, and rebates, and to cause the submission of false and fraudulent claims to Medicare that falsely represented the providers' actual acquisition cost of the allografts. *Id*. at 1-2. Induced by these unlawful financial incentives, sales representatives and providers caused medically unreasonable and unnecessary allografts to be applied to elderly patients, many of whom were terminally ill in hospice care. *Id*. at 1.

The discovery material in this case includes the following: (1) personally identifying information related to the Defendant and third parties, including, but not limited to, addresses, telephone numbers, dates of birth, social security numbers, financial information, and Medicare beneficiary identification numbers; (2) personal health information related to third parties, including, but not limited to, patient medical records; and (3) sensitive information of a personal nature related to the Defendant and third parties, including, but not limited to, information concerning marital and other intimate relationships, minor children, and personal financial matters (collectively, "Protected Information").

Federal Rule of Criminal Procedure 16(d)(1) affords the Court the authority to make appropriate orders with respect to discovery. Due to the volume and nature of the discovery in this case, in order to protect the confidentiality of this information and to satisfy its discovery obligations, the Government requests that this Court enter a protective order:

1. Permitting the Government to provide to defense counsel, without redaction, Protected Information to the extent that such information is present in discoverable materials;

2. Permitting defense counsel to share materials containing Protected Information with other members of the defense team, including defense counsel staff, experts, investigators, and other professionals retained by the Defendant or defense counsel to assist in the preparation of the defense;

3. Ordering all members of the defense team to safeguard and not disclose the Protected Information provided to it, other than to the extent necessary to prepare the defense;

4. Permitting the defense team to review materials containing Protected Information with the Defendant and potential witnesses to the extent necessary to prepare the defense;

5. Prohibiting the Defendant and potential witnesses from retaining any materials containing Protected Information during the course of the litigation unless defense counsel ensures that all such information has been redacted from the copies to be retained;

6. Prohibiting the defense team, the Defendant, and potential witnesses from using any materials containing Protected Information for any purpose other than to prepare a defense in this case, including investigation, trial preparation, trial, and appeal;

7. Prohibiting any person authorized to have access to the Protected Information from inputting, transmitting, uploading, processing, generating output from, or otherwise exposing any Protected Information received pursuant to this Protective Order to any artificial intelligence tool without prior written consent from the Government.

8. Requiring defense counsel to inform (a) all members of the defense team with whom material containing Protected Information is shared, and (b)

the Defendant and all potential witnesses with whom material containing Protected Information is reviewed, of the contents of the Protective Order; and

9. Ordering the defense team to destroy, at the conclusion of this matter, all Protected Information in its possession, except that defense counsel shall be allowed to retain materials containing Protected Information until the time expires for all appeals, collateral attacks, other writs or motions challenging the conviction or sentence, and actions for professional malpractice.

Undersigned counsel has consulted counsel for the Defendant, who does not object to entry of the proposed protective order.

Respectfully submitted this 24th day of July, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Matthew Williams*
MATTHEW WILLIAMS
Assistant U.S. Attorney

LORINDA LARYEA
Chief
Criminal Division, Fraud Section

*s/ Shane Butland*
SHANE BUTLAND
Trial Attorney
Department of Justice, Fraud Section

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Helen Hitz, Esq.

In anticipation of his forthcoming Notice of Appearance on behalf of the Defendant, I also provided a copy of the attached document to Lou Manzo, Esq. via email to lmanzo@bdlaw.com.

*s/ Shane Butland*
Trial Attorney
Fraud Section, Criminal Division