TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Matthew.Williams3@usdoj.gov

LORINDA LARYEA
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

SHANE BUTLAND
William Hochul III
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-286-1177
Email: Shane.Butland2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Brian Rowan,<br><br>Defendant. | No. CR-26-00660-DGC<br><br>**JOINT MOTION TO AMEND BOND CONDITIONS** |

The United States and Defendant Brian Rowan, through counsel, file this joint motion to amend the Defendant's bond conditions, which were imposed by U.S. Magistrate Judge Elayna Youchah in the District of Nevada on June 22, 2026 (Dkt. 11).

The conditions imposed include the following special condition:

> Defendant shall not bill or cause to be billed Medicare, Medicaid, or any other health care program. For a period of 30 days, Defendant will take a leave of absence from his current employment. During that period, Defendant, with his counsel, will work with Pretrial Services to develop a plan to allow him to return to work without engaging in any activity involving the billing of medical services to any federal program (including Medicare and Medicaid). If Defendant can achieve this plan in less than 30 days and both Pretrial Services and the Court approves of the plan, he may return to work sooner than the 30 day period.

*Id*., bond condition "s".

Federal Rule of Criminal Procedure 40(c) authorizes this Court to "modify any previous release or detention order issued in another district" provided that the reasons for doing so are in writing. As represented to the Court at the Defendant's arraignment on July 29, 2026, commercial insurers (as well as federal health care benefit programs) are specifically identified as victims in the Indictment against the Defendant. *See* Dkt. 3 at 5-8, 15-16. The defendant has pled not guilty to the charges in the Indictment and maintains his innocence.

With respect to the Defendant's resumption of employment at Company 1, the Defendant's counsel represented to the government via email on July 28, 2026, that if permitted to do so, the Defendant would:

> assume a new role as Director of Commercial Product Development. In that position [the Defendant] will focus on evaluating and developing potential [Company 1] business lines for sale in the men's and women's wellness spaces. All products developed will be exclusively patient pay and not reimbursable by any government or non-government health care system. Further, [the Defendant] will not participate in any discussions or have any decision-making authority on any Company 1 products that remain involved in any health care insurance system reimbursement.

The Defendant's counsel also affirmed the accuracy of these representations at the Defendant's arraignment. Counsel subsequently clarified for the government that the Defendant will not participate in any discussions or have any decision-making authority on any *new or existing* Company 1 products that are reimbursable by any health care benefit program. Accordingly, the Parties jointly request that the Court impose the additional

restriction that the that the Defendant will not participate in any discussions, meetings, or communications, or have any decision-making authority, involving any new or existing Company 1 products that are or may be reimbursed by any health care benefit program, as defined by 18 U.S.C. § 24(b).

Based on the representations made by the Defendant's counsel concerning the scope of the Defendant's new role, the government does not oppose the Defendant's employment at Company 1 in the capacity represented.

The parties jointly recommend modifying the Defendant's bond condition "s" to read:

> Defendant shall not bill or cause to be billed Medicare, Medicaid, or any other health care benefit program as defined by 18 U.S.C. § 24(b). Subject to the approval of Pretrial Services, Defendant may resume employment with Company 1 consistent with the bond conditions imposed and the additional restriction that Defendant will not participate in any discussions, meetings, or communications, or have any decision-making authority, involving any new or existing Company 1 products that are or may be reimbursed by any health care benefit program, as defined by 18 U.S.C. § 24(b).

Respectfully submitted this 6th day of August, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Matthew Williams*
MATTHEW WILLIAMS
Assistant U.S. Attorney

LORINDA LARYEA
Chief
Criminal Division, Fraud Section

*s/ Shane Butland*
SHANE BUTLAND
Trial Attorney
Department of Justice, Fraud Section

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of August, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Louis J. Manzo, Esq.
Helen Hitz, Esq.
Mark Samuel Kokanovich, Esq.
Counsel for Brian Rowan

*s/ Shane Butland*
Trial Attorney
Fraud Section, Criminal Division