# Attachment A

Beveridge & Diamond

Louis J. Manzo
1900 N Street, NW, Suite 100
Washington, DC 20036
+1.202.789.6030
LManzo@bdlaw.com

August 3, 2026

Mr. Shane Butland
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005

Re: *United States v. Brian Rowan*, No. CR-26-00660-01-PHX-DGC (MTM) (D. Ariz.)

Dear Mr. Butland,

We write to reiterate our discovery demands under the United States Constitution, the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, 373 U.S. 83 (1963). Additionally, we respectfully seek a response to the following questions concerning discovery:

- Prior to the indictment, we understand that the Department of Justice was (i) specifically notified regarding the existence of *Brady* information exculpatory to Mr. Rowan and (ii) that it was already in the Department's possession. Was this information presented to the grand jury?

- You have indicated that discovery in this case will be voluminous with an estimated five million pages. Will you specifically identify *Brady* documents in an index when discovery is produced?

- When will the government complete its discovery obligations?

Pursuant to Federal Rule of Criminal Procedure 7 and the United States Constitution, we respectfully request the following information regarding the allegations in the indictment:

1. With respect to all counts, multiple paragraphs of the indictment reference co-conspirators or "others." For each respective reference, please identify the person(s). If the specific identity of an individual is unknown to the grand jury, please provide all available information about the individual so that we can identify and investigate the individual.

Beveridge & Diamond



2. With respect to all counts, please identify the acts allegedly performed, directed, authorized, or knowingly assisted by Mr. Rowan, as distinguished from acts performed solely by alleged co-conspirators or "others."

3. With respect to all counts, please identify each alleged submission of false and fraudulent claims that Mr. Rowan, as distinguished from alleged co-conspirators or others, is alleged to have caused the submission of.

4. With respect to all counts, please identify each and every alleged kickback and bribe paid to sales representatives, including for each (a) who paid the kickback or bribe, (b) to whom the kickback or bribe was paid, (c) the manner of the payment (e.g., check, wire), (d) the amount of the kickback or bribe, (e) the date of the kickback or bribe, and (f) the precise acts Mr. Rowan, as distinguished from alleged co-conspirators or others, is alleged to have performed.

5. With respect to ¶ 35, please identify each and every contract.

6. With respect to ¶ 43, please identify each and every instance that Mr. Rowan "knew and intended" that providers would conceal information from health care programs, including for each instance (a) who sold the allografts, (b) to whom the allografts were sold, (c) the volume sold, (d) the purchase price stated, (e) the price represented to Medicare or other health care programs, (f) who made the representation to Medicare or other health care programs, and (g) the precise acts Mr. Rowan, as distinguished from alleged co-conspirators or others, is alleged to have performed.

7. With respect to ¶ 46, please identify each and every "sham" invoice including for each (a) who issued the invoice, (b) who authorized the issuance, (c) who facilitated the issuance, (d) to whom the invoice was issued, (e) the date of issuance, (f) the precise content of the invoice, and (g) the precise acts Mr. Rowan, as distinguished from alleged co-conspirators or others, is alleged to have performed.

8. With respect to ¶ 47, please identify each and every "instruction" including for each (a) who made the instruction, (b) to whom the instruction was made, (c) the manner of the instruction (i.e., written oral), (d) the precise content of the instruction, (e) the date of the instruction, and (f) the precise acts Mr. Rowan, as distinguished from alleged co-conspirators or others, is alleged to have performed.

9. With respect to ¶ 48, please identify (a) the form of the authorization (i.e., written or oral), (b) the date of the authorizations, (c) the authorizations or representations made by specifically by Mr. Rowan, (d) the authorizations or representations

made by "the others" and (e) to whom the authorizations or representations are alleged to have been made.

10. With respect to ¶ 69, please identify the following:

a. Regarding ¶ 69(c), please identify (a) the participants in the meeting, (b) date of the meeting and (b) the precise statements made during that meeting by Mr. Rowan and the other participants.

b. Regarding ¶¶ 69(f)-(i), please identify (a) who sent each wire transfer and (b) the precise act Mr. Rowan, as distinguished from alleged co-conspirators or others, is alleged to have performed in relation to the wire.

Sincerely,

Louis J. Manzo
Counsel for Brian Rowan