TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Matthew.Williams3@usdoj.gov

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division
U.S. Department of Justice

SHANE BUTLAND
WILLIAM HOCHUL III
Trial Attorneys
Health Care Fraud Section
National Fraud Enforcement Division
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-286-1177
Email: Shane.Butland2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Brian Rowan,

Defendant.

No. CR-26-00660-PHX-DGC

**GOVERNMENT'S MOTION TO COMPEL DISCLOSURE OF ANY ADVICE OF COUNSEL DEFENSE AND RELATED DISCOVERY**

The United States respectfully moves this Court to order Defendant Brian Rowan ("the Defendant") to disclose by October 2, 2026,[1] whether he intends to assert an advice-of-counsel defense at trial and to produce to the government any discovery relevant to that defense. This deadline is not merely a procedural formality but a critical safeguard necessary to ensure a timely trial and prevent substantial disruption to those proceedings. As further discussed below, due to (1) the Defendant's representations in his August 9, 2026 motion; (2) the production by the Defendant's employer (anonymized in the Indictment as "Company 1") of two opinion letters drafted by counsel concerning aspects of the fraud scheme charged in the Indictment; and (3) evidence that the Defendant disseminated those legal opinion letters to reassure potential Company 1 customers of Company 1's compliance, there is a substantial likelihood that the Defendant may either formally raise an advice-of-counsel defense at trial, or try to backdoor the introduction of such evidence by asserting a "good faith" defense based on consultation with or reliance on company counsel's advice. However characterized, the Defendant would be required to waive attorney-client privilege because it is axiomatic that the privilege cannot be used as both a sword and a shield.

[1] This deadline would be approximately five weeks before trial, which is currently scheduled to begin November 10, 2026.

Without advance notice, the assertion of a defense based on company counsel's purported approval of the very schemes charged in the Indictment would necessitate immediate litigation over the nature and scope of the privilege waiver, forcing the government to conduct a hasty investigation of previously unavailable witnesses and privileged communications. The Defendant was represented in a personal capacity by his employer's counsel, so litigation would necessarily involve complicated privilege determinations, as the Defendant's employer could argue that it also holds the privilege over communications relevant to any advice-of-counsel defense asserted by the Defendant. The resolution of these complex issues would be separate from, and in addition to, the Defendant's production of discovery related to the advice-of-counsel defense and the time necessary for the government to review and investigate those materials.

Trial is currently scheduled for November 10, 2026; there is no justifiable reason why the Defendant—who has already affirmatively asserted reliance on the advice of company counsel in a public filing, *see* ECF No. 20 at 11-12—should be permitted to wait until trial, or even mid-trial, to raise the defense and disclose relevant materials to the government. Requiring the Defendant to elect to raise an advice-of-counsel defense by October 2, 2026, would allow the Court to resolve these complicated matters without delaying the proceeding while witnesses wait, jurors sit idle, and judicial resources are wasted.

## **FACTUAL BACKGROUND**

On June 17, 2026, the Defendant was indicted for conspiracy to commit health care fraud (18 U.S.C. § 1349), health care fraud (18 U.S.C. §§ 1347 and 2), conspiracy to defraud the United States and to receive health care kickbacks (18 U.S.C. § 371), payment of kickbacks (42 U.S.C. § 1320a-7b(b) and 18 U.S.C. § 2), and transactional money laundering (18 U.S.C. §§ 1957 and 2). ECF No. 3.

The Indictment alleges that the Defendant, an executive of a company ("Company 1") that sold amniotic membrane allografts ("allografts"), caused hundreds of millions of

dollars in illegal kickbacks, bribes, and rebates to be paid to sales representatives and medical providers across the country to unlawfully induce providers to buy Company 1's allografts. *Id*. at 2. Two ways that the Defendant and Company 1 unlawfully induced providers to buy Company 1's allografts were by (1) paying providers illegal kickbacks in the form of "rebates" and assisting providers in concealing those kickbacks from Medicare, *id*. at 5-6, 11-13; and (2) setting up a shell company to funnel the illegal kickbacks directly to providers, *id*. at 13-14. Both methods were the subject of legal advice provided by the Defendant's and/or Company 1's attorneys,[2] as reflected in memoranda and privilege logs that Company 1 produced to the government.

Specifically, in response to a subpoena, Company 1 counsel produced to the government letters drafted by attorneys that opined on the legality of Company 1's rebate and "Joint Venture" programs (the latter of which is characterized by the government as the aforementioned shell company kickback arrangement): the letter concerning Company 1's rebate program, which was drafted by attorneys with the law firm Hogan Lovells and dated July 22, 2022, is addressed to Defendant personally; and the letter concerning Company 1's Joint Venture program, which was drafted by attorneys with the law firm Nichols Brar and dated August 9, 2022, is addressed to the CEO of a separate company that shared in the profits of Company 1's Joint Venture program. The government expects to introduce evidence that the Defendant broadly disseminated both letters to Company 1 sales representatives and providers to affirmatively vouch for, and assuage concerns regarding, the legality of both programs.

Additionally, privilege logs provided by Company 1 counsel on June 1 and 8, 2026, identify over 2,700 pages of purportedly privileged communications involving the Defendant that counsel withheld and/or redacted and are therefore not available to the government. The log contains "privilege descriptions" that provide Company 1's basis for

---

[2] Company 1 counsel simultaneously represented Company 1 and the Defendant in his individual capacity until June 30, 2026, when the Defendant retained current counsel.

asserting privilege. For communications with dates that fall within the charged conspiracy period, these descriptions include "document reflecting legal advice from counsel regarding the Nugeneron joint venture and regulatory matters" and "document reflecting legal advice from counsel regarding [Company 1's] rebate program and payments to third parties." Based on these descriptions, it is clear that the Defendant had communications with counsel specifically concerning the Joint Venture and rebate programs, which the government may be entitled to receive and investigate if the Defendant asserts an advice-of-counsel defense.

On August 9, 2026, the Defendant filed a motion for a bill of particulars. ECF No. 20. In the motion, the Defendant specifically raised some of the advice that counsel provided about Company 1's rebate program and shell company/Joint Venture scheme, stating that "both the rebate and Joint Venture programs were approved by attorneys representing [the Defendant's] employer [Company 1]." *Id.* at 11-12. In so arguing, Defendant does not simply intimate reliance on advice of counsel, but affirmatively represents that Company 1 counsel approved the very schemes charged in the Indictment and that such approval should absolve Defendant of criminal liability.

In an effort to address the issues attendant to such a defense in a timely manner, the government sent letters to counsel for Defendant on August 10, August 25, and August 31, 2026, requesting "notice of the Defendant's intention to assert an advice of counsel defense at trial so that this issue may be litigated sufficiently in advance of trial." As of the date of this filing, the Defendant has not provided such notice, nor a waiver of that defense.

**ARGUMENT**

This Court possesses the inherent authority to require the timely election of the advice-of-counsel defense and the attendant disclosure of privileged materials, and courts throughout the country have imposed these requirements to avoid unnecessary disruption at trial. For example, in *United States v. Dallman*, the Eastern District of Virginia required the defendant to provide pretrial notice of an advice-of-counsel defense because "the

assertion of an advice-of-counsel defense may impact the scope of discovery otherwise permitted, namely the waiver of the attorney-client privilege over certain communications and/or documents related to the advice." 433 F. Supp. 3d 804, 812-13 (E.D. Va. Jan. 15, 2020). The court noted that "[t]he complexity of the defense and the potential for discovery of otherwise privileged documents weigh heavily in favor of a pretrial notice and discovery requirement to avoid unnecessary delays during trial." *Id.* at 813. Within the Ninth Circuit, in *United States v. Nubla*, the Northern District of California ordered the defendant "to notify the Government at least two weeks in advance of trial whether he intends to rely on an advice-of-counsel defense." 2022 U.S. Dist. LEXIS 205124, at *11-22; 2022 WL 16856107 (N.D. Cal. Nov. 10, 2022). And more recently, in *United States v. He, et al.*, the Northern District of California granted the Government's motion to compel the defendants to provide pre-trial notice of advice-of-counsel defense and related discovery. No. CR-24-329-CRB, ECF No. 311 (N.D. Cal. July 18, 2025).

Here, the Defendant has already defended his actions based on the "approv[al] by attorneys representing [the Defendant's] employer [Company 1]." ECF No. 20 at 11-12. Additionally, as noted above, Company 1 has withheld and/or redacted almost three thousand pages of purportedly privileged communications involving the Defendant that, according to Company 1 counsel's privilege log, reflect legal advice regarding Company 1's Joint Venture/shell company program and rebate program.

If the Defendant decides to assert an advice-of-counsel defense at trial, he must "show that he made a full disclosure of all material facts to his attorney and that he then relied 'in good faith on the specific course of conduct recommended by the attorney,'" *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010) (quoting *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987)), and, to effectively respond to Defendant's advice-of-counsel defense, the Government must also be able to investigate the Defendant's disclosures to counsel, counsel's advice to Company 1 and the Defendant, and the Defendant's conduct after receiving that advice. These are all facts that the Government

cannot presently investigate because of the attorney-client privilege.

The need for early disclosure of the advice-of-counsel defense is particularly pointed where, as here, the Defendant worked with several lawyers and the scope of the Defendant's waiver will need to be litigated due to Company 1 counsel's representation of both the company and the Defendant (rendering any attorney-client privilege held by the company potentially unaffected by the Defendant's waiver). The time required to litigate these issues will be separate from, and in addition to, the time the government will need to obtain records and interview witnesses if the privilege is waived because the "assertion of the advice of counsel defense [] waive[s] both the attorney-client privilege and work product protection for documents falling within the subject matter of the waiver." *See Salazar v. Driver Provider Phoenix LLC*, 2022 U.S. Dist. LEXIS 96884, at *7; 2022 WL 1747811 (D. Ariz. May 31, 2022).

Given the number of attorneys that the Defendant and Company 1 consulted in this case, including counsel that represented both simultaneously, the government anticipates that if the Defendant raises an advice-of-counsel defense, the parties will have to litigate what the subject matter of that defense is, which attorneys were involved, and what attorney communications relate to that subject matter. The Court should therefore require the Defendant to raise advice-of-counsel in a timely manner to allow these issues to be resolved before trial. *E.g.*, *United States v. Shapiro*, Case No. 1:19-cr-20178, ECF No. 108 (S.D. Fla. July 9, 2019) ("[I]f Defendant does not provide notice and discovery of his communications with attorneys which form the basis of his anticipated advice-of-counsel defense, the Government will be forced, in the middle of trial, to request the Court to halt the trial in order for the Government to review a large quantity of new information, thereby disrupting the speedy trial Defendant has insisted upon. The Court does not sanction a trial process that anticipates and rushes headlong into such delay and efficiency.") (internal citation omitted); *see also United States v. Rivera and Nuhfer*, No. CR-22-20552, ECF No. 360 (S.D. Fla. Feb. 21, 2026); *United States v. Roussonicolos and McGoey*, No. CR-21-

60273, ECF No. 185 (S.D. Fla. Oct. 5, 2022) (requiring defendant, four months before trial, to provide notice of intent to offer advice-of-counsel defense; identification of all attorneys who provided advice, even if not formally retained; and production of all communications with those attorneys); *United States v. Crowder*, 325 F. Supp. 3d (D.D.C. 2018) (requiring pre-trial disclosure of advice-of-counsel defense to avoid unnecessary trial delay); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (requiring production of materials concerning advice-of-counsel defense fourteen days before trial); *United States v. Hatfield*, No. CR-06-0550, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (requiring defendant to provide pretrial notice of intent to rely on advice-of-counsel defense and production of relevant documents).

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court set a deadline of October 2, 2026, for the Defendant to notify the government of its intent to assert an advice-of-counsel defense and to produce any discovery pertaining to that defense.

Respectfully submitted this 9th day of September, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Matthew Williams*
MATTHEW WILLIAMS
Assistant U.S. Attorney

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division
U.S. Department of Justice

*s/ Shane Butland*
SHANE BUTLAND
WILLIAM HOCHUL III
Trial Attorneys
Health Care Fraud Section
National Fraud Enforcement Division
U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Louis J. Manzo, Esq.
Helen Hitz, Esq.
Mark Samuel Kokanovich, Esq.
Counsel for Brian Rowan

*s/ Shane Butland*
SHANE BUTLAND
Trial Attorney
Health Care Fraud Section
National Fraud Enforcement Division
U.S. Department of Justice