Louis J. Manzo (*pro hac vice*)
LManzo@bdlaw.com
BEVERIDGE & DIAMOND PC
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Facsimile: (202) 789-6190

Mark S. Kokanovich (SBN 021168)
kokanovichm@ballardspahr.com
Helen Hitz (SBN 039579)
hitzh@ballardspahr.com
BALLARD SPAHR LLP
1 E Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: (602) 798-5400
Facsimile: (602) 798-5595

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Brian Rowan,<br><br>Defendant. | Case No. 26-CR-00660-PHX-DGC (MTM)<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL DISCLOSURE OF ANY ADVICE OF COUNSEL DEFENSE AND RELATED DISCOVERY** |

## TABLE OF CONTENTS


I. Introduction ........ 1

II. Argument ........ 1

A. The Government's substantial outstanding discovery makes its motion premature. ........ 1

B. Mr. Rowan's motion for a bill of particulars did not elect a trial defense. ........ 4

C. Deferring until the October 13 hearing would permit an informed scheduling order without authorizing trial-day surprise. ........ 6

III. Conclusion ........ 7

## TABLE OF AUTHORITIES

Page(s)

**STATE CASES**

*United States v. Burgos-Lopez,*
No. CR-25-01394-001-PHX-SHD, 2026 WL 74487 (D. Ariz. Jan. 9, 2026) .................... 3

*United States v. Nubla,*
No. 21-cr-00139-RS-12022, 2022 WL 16856107 (N.D. Cal. Nov. 10, 2022) .................. 7

**FEDERAL CASES**

*United States v. Alessa*,
561 F.Supp.3d 1042 (D. Nev. 2021) ..................................................................... 2, 3

*United States v. Dallmann*,
433 F.Supp.3d 804 (E.D. Va. 2020) ..................................................................... 2, 7

*United States v. Salzano*,
No. 22-cr-690 (EP), 2024 WL 640751 (D.N.J. Feb. 15, 2024) ................................ 3, 6

*United States v. Wilkerson,*
388 F.Supp.3d 971 (E.D. Tenn. 2019) ............................................................... 2, 3, 6

*Yeargain v. U.S.*,
314 F.2d 881 (9th Cir. 1963) ................................................................................. 6

**FEDERAL RULES**

Fed. R. Crim. P.
Rule 16.1(b) ........................................................................................................ 7
Rule 16(b)(1)(A) .................................................................................................. 2
Rule 16(d)(1) ....................................................................................................... 7

## I. INTRODUCTION

The Government's motion should be denied because it is patently premature. Based on the Government's own statements, there are millions of documents in discovery that it still has not produced. Notwithstanding this failure, the Government seeks to compel Mr. Rowan to elect whether to assert an advice-of-counsel defense and produce related discovery by October 2. *See* Gov't's Mot. to Compel, ECF No. 35 ("Motion"), at 2, 8. Neither the current trial setting nor the factual statement in Mr. Rowan's motion for a bill of particulars justifies requiring Mr. Rowan to declare his defense in this case when he does not even know what the Government's case against him is, given that Mr. Rowan has not had a reasonable opportunity to review and assess the majority of the Government's discovery. As a result, the motion should be denied.

In the alternative, Mr. Rowan respectfully requests that the Court hold the Government's motion in abeyance until the October 13, 2026 hearing, at which the Court can determine the status of the Government's production of discovery and can then determine an appropriate schedule for the submission of dispositive motions, pre-trial motions and other pre-trial filings, and—depending on Mr. Rowan's review of completed discovery—any potential notice of an advice-of-counsel defense.

## II. ARGUMENT

### A. The Government's substantial outstanding discovery makes its motion premature.

The obvious reason to deny or defer ruling on this motion is that the Government has not produced millions of documents it has promised to disclose. As Mr. Rowan explained in his August 31 reply in support of his motion for a bill of particulars, more than four million promised documents—about 60 percent of the total promised number—then remained outstanding. *See* Reply in Supp. of Def.'s Mot. for Bill of Particulars, ECF No. 30 ("Reply"), at 1 n.2, 9. No further discovery has been produced since then.[1] The Government has described its production

[1] After producing an initial batch of 1,064,991 documents on August 10, the Government stated that it was preparing "over 5.7 million additional documents" for production. Resp. in Opp'n to Def.'s Mot. for Bill of Particulars, ECF No. 28 ("Opp'n"), at 6. Together, those figures describe a total production exceeding 6.7 million documents. Consistent with this accounting, the

as proceeding "on a rolling basis," but has not identified what types of discovery are still outstanding or when the promised production will be complete. *Id.* at 9. Having already delayed Mr. Rowan's ability to assess the Government's case against him, the Government would now prejudice Mr. Rowan further by demanding premature notice of a potential defense at trial that Mr. Rowan has not even had the opportunity to assess because well over half of the Government's promised discovery remains unavailable to him.

The relief sought in the motion is not ordinary reciprocal discovery. Upon satisfaction of its procedural conditions, Federal Rule of Criminal Procedure 16(b)(1)(A) requires disclosure of items within the defendant's possession, custody, or control that he intends to use in his case-in-chief at trial, but the rule itself does not require a defendant to select and announce an advice-of-counsel defense. In fact, unlike Rules 12.1–12.3, which expressly require notice of specified defenses or evidence, no rule expressly requires notice of an advice-of-counsel defense. In *United States v. Wilkerson*, a health care fraud and kickback prosecution, the court rejected a comparable government demand for advance notice of an advice-of-counsel defense and related attorney communications because the demand exceeded Rule 16's requirements. 388 F.Supp.3d 969, 971, 974-75 (E.D. Tenn. 2019) (holding that compelling an election to rely on an advice-of-counsel defense and concomitant privilege waiver was "well outside the modest confines of Rule 16"). The *Wilkerson* court ruled that the government's desire to avoid possible trial inconvenience did not constitute good cause for imposing an additional obligation on a defendant outside the confines of Rule 16. *Id.* at 975.

At least one district court within the Ninth Circuit has adopted that same reasoning to deny the government's request to compel notice of an advice-of-counsel defense even two weeks before trial, and expressly found *Wilkerson* more persuasive than *Dallmann*, the authority on which the Government relies here. *See United States v. Alessa*, 561 F.Supp.3d 1042, 1049 (D. Nev. 2021); Motion at 6. As here, the government in *Alessa* invoked the potential complexity of the possible advice-of-counsel defense and its purported need for additional preparation time.

---

approximately 2.6 million documents produced through the Government's third production leave more than four million additional documents outstanding. *See* Reply at 1 n.2, 9.

The court denied the government's request, for which it found "no legal support," and found the matter to be "entirely within the Court's discretion." *Id.* The court also noted that the government's request for early notice of a potential advice-of-counsel defense implicated the defendant's Fifth Amendment right to remain silent while the government is required to prove its case beyond a reasonable doubt. *Id. Wilkerson* similarly warned that "it would be untenable—and, most likely, unconstitutional—to require Defendants to turn over potential evidence (most of which is currently privileged) to the Government or risk forfeiting a defense." 388 F.Supp.3d at 975. Even *United States v. Salzano*, which ultimately required notice and conditional production two weeks before trial, described *Wilkerson* as the "most persuasive" of the contrary decisions it discussed and quoted that constitutional concern before distinguishing the case before it. No. 22-cr-690 (EP), 2024 WL 640751, at *3 (D.N.J. Feb. 15, 2024).

*Wilkerson* and *Alessa* support this Court denying the Government's motion outright. If the Court is disinclined to do so, then in the alternative, Mr. Rowan requests simply that the Court defer ruling on the motion in order to afford Mr. Rowan a reasonable opportunity to receive the Government's substantial outstanding discovery, assess the Government's case against him, and formulate his defenses at trial.

The Government's concern for adequate preparation cannot run in only one direction. The Government insists that its prosecutors must have sufficient time to obtain documents, review communications, investigate witnesses, and litigate resulting issues, arguing that otherwise it would be forced to conduct a "hasty investigation." Motion at 3, 7. But the Government seeks to compel Mr. Rowan to prematurely elect a particular trial defense without having completed its own Rule 16 discovery, not to mention accounting for the time Mr. Rowan's counsel will need to review the Government's discovery, investigate that evidence, and evaluate his potential defenses. The Government cannot reasonably demand protection from rushed preparation while asking the Court to impose that same burden on Mr. Rowan.

The missing discovery materially impairs Mr. Rowan's defense decision. In *United States v. Burgos-Lopez*, the government argued that its deficient fingerprint-expert disclosures had not prejudiced the defendant because the defendant had not said he wished to call a rebuttal expert.

The court rejected that argument because the government's deficient disclosures left the defendant without "the requisite information to decide" whether to do so. No. CR-25-01394-001-PHX-SHD, 2026 WL 74487, at *5 (D. Ariz. Jan. 9, 2026). Earlier access to the fingerprints did not cure that prejudice because the defendant still lacked adequate disclosure of the expert's opinions and their bases in order to make informed trial-strategy decisions. *Id.* Although *Burgos-Lopez* concerned expert disclosures, its reasoning applies here: Mr. Rowan's possession of legal memoranda from his employer's counsel does not resolve whether to rely on counsel's advice as part of his trial defense. Defense counsel need a reasonable opportunity to assess material discovery bearing on the allegations, Mr. Rowan's knowledge, and the circumstances to which any advice would apply before making that decision.

Counsel cannot review documents they have not received, nor has the November 10 trial setting—which the Government cites as justification for the timeliness of the instant motion, Motion at 2 n.1, 3—made the Government accelerate its own production of discovery. Moreover, the Government previously characterized Mr. Rowan's request for particulars as premature and urged him to review discovery before requesting more information. Opp'n at 7-8. The Government cannot reasonably resist Mr. Rowan's request for particulars by invoking his need to review discovery, then disregard that same need when demanding that he announce whether he will assert an advice-of-counsel defense at trial. If the approaching trial date in fact requires urgent action, the necessary starting points are the Government completing its promised production and allowing Mr. Rowan reasonable time to review it.

**B. Mr. Rowan's motion for a bill of particulars did not elect a trial defense.**

The Government asserts that Mr. Rowan has "already affirmatively asserted reliance on the advice of company counsel in a public filing," Motion at 3, but Mr. Rowan's motion sought particulars of the Government's theory of the case, not a ruling on criminal liability. Read in context, the passage from Mr. Rowan's briefing explains why the defense needed information:

> This request for a bill of particulars is not perfunctory defense posturing. Mr. Rowan's attorneys are at a legitimate loss as to how to defend this Indictment. By all accounts, Mr. Rowan had no patient contact, did not direct any provider to apply any wound care, and did not bill a single dollar to any healthcare program. Mr. Rowan also

> designed neither the rebate program, which is a commonly used business model across the healthcare field, nor the Joint Venture, which the Department of Justice refers to as a "shell company." **Further, both the rebate and Joint Venture programs were approved by attorneys representing Mr. Rowan's employer.** Because the government has not provided full discovery—and at the present time, no discovery at all—to Mr. Rowan or provided any timeline on which discovery will be provided, a bill of particulars is necessary so that Mr. Rowan can understand the government's theory and prepare a defense. *See Yeargain v. U.S.*, 314 F.2d 881, 882 (9th Cir. 1963) ("The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense, and enable him to prepare an intelligent defense.").

*See* Def's Mot. for Bill of Particulars, ECF No. 20 at 11-12 (emphasis added). Now, the Government attempts to turn a simple factual statement explaining why Mr. Rowan could not yet prepare his defense into an announcement that he had already selected it. That argument makes no sense.

More importantly, Mr. Rowan's factual statement rested on already-disclosed material—memoranda from two law firms—in the Government's possession, not additional or previously undisclosed confidential advice. As part of Company 1's response to its own subpoena, the Government acknowledges that Company 1 produced the Hogan Lovells rebate memorandum and the Nichols Brar joint venture memorandum and that it has evidence of Mr. Rowan's dissemination of those opinions. Motion at 4. Referring to those materials in a request for particulars did not constitute a declaration that Mr. Rowan intended to rely on Company 1's counsel's advice at trial, and did not constitute a request for an advice-of-counsel instruction. In *Wilkerson*, the government made a similar argument and sought advance notice because the defendants there reportedly told others that they had cleared the alleged scheme through attorneys, but the *Wilkerson* court nevertheless denied the government's motion. 388 F.Supp.3d at 971-72, 975. Here, evidence produced by the Government to the defense that Company 1's counsel was involved in matters alleged in the Indictment does not in any way entitle the Government to premature notice of an advice-of-counsel defense from Mr. Rowan, which in any event he has not had a reasonable opportunity to decide to pursue.

The contrary ruling in *Salzano* does not justify the accelerated timetable the Government

seeks here. There, the court expressly considered *Wilkerson* and *Alessa* but distinguished the case before it based on its procedural posture (approximately three weeks before trial) and the charges. 2024 WL 640751, at *3. In *Salzano*, the defendant had already identified four possible attorney witnesses at trial to establish an advice-of-counsel defense, so the court required notice and, upon an affirmative election, related production of privileged information two weeks before trial. *Id.* at *1, *3. The *Salzano* opinion did not address a substantial shortfall in the government's promised discovery, as exists here. That failing by the Government here is the central basis for denying the instant motion or, alternatively, for deferral.

**C. Deferring until the October 13 hearing would permit an informed scheduling order without authorizing trial-day surprise.**

The Government presents a false choice between disclosure of a potential advice-of-counsel defense by its proposed October 2 deadline and waiting "until trial, or even mid-trial." Motion at 3. Mr. Rowan requests neither. He asks the Court to address any appropriate notice and production deadlines at the already-scheduled October 13 hearing, when both parties can report on the status of discovery and the Court can assess their preparation needs. The Government can identify the production remaining and its expected completion date. Similarly, the defense can address the status of its review of discovery that has been produced as of that date, and can inform the Court regarding any additional assessment those productions require, not to mention any productions that are still pending. Respectfully, all those issues should be considered together as part of the Court's setting of the trial schedule, and not, as the Government requests here, through an arbitrary deadline when the defense is still in the dark about the majority of the Government's discovery.

The Federal Rules of Criminal Procedure expressly permit that coordinated approach. Rule 16(d)(1) authorizes the Court, for good cause, to deny, restrict, or defer discovery, and Rule 16.1(b) permits the adjustment of disclosure timing to facilitate trial preparation. Fed. R. Crim. P. 16(d)(1), 16.1(b). The substantial discovery still outstanding from the Government and the defense's need for reasonable review constitute good cause to deny the instant motion and address any future defense election deadline at the hearing. That scheduling relief does not

depend on resolving the disputed scope of the Court's authority to compel an eventual election of an advice-of-counsel defense.

Even the Government's own authorities distinguish between a need for advance notice and a justification for compelling a premature election. *United States v. Dallmann* required notice of an advice-of-counsel defense only ten days before trial, balancing trial efficiency against defense strategy and attorney-client privilege, and stated that related discovery need not commence until notice was provided. 433 F.Supp.3d 804, 812-13 (E.D. Va. 2020). *United States v. Nubla* denied without prejudice Rule 17(c) subpoenas for non-privileged communications whose relevance depended on an advice-of-counsel defense not yet elected, finding the request "premature at this juncture." No. 21-cr-00139-RS-1, 2022 WL 16856107, at *4 (N.D. Cal. Nov. 10, 2022). The *Nubla* court separately required notice at least two weeks before trial and contemplated expedited consideration of a renewed subpoena request after such an election. *Id.* Neither decision, however, establishes a universal timetable or demonstrates why the Government's demand for an election by October 2 is necessary or appropriate here, particularly given the Government's delays in providing standard Rule 16 discovery.

## III. CONCLUSION

Mr. Rowan respectfully requests that the Court deny the instant motion, or alternatively hold the Government's motion in abeyance as premature until the October 13 hearing, at which time the Court can determine or defer any appropriate deadlines on the full record presented then. Mr. Rowan will comply with applicable disclosure obligations and the Court's deadlines.

This response neither elects nor disclaims an advice-of-counsel defense, and Mr. Rowan reserves all defenses, privileges, and objections. Should the Court determine that a substantive election of an advice-of-counsel defense, waiver of any privilege applicable to Mr. Rowan, or production issues require resolution before October 13, Mr. Rowan requests an opportunity for supplemental briefing before those issues are decided.

Dated: September 11, 2026.

Respectfully submitted,

Louis J. Manzo
BEVERIDGE & DIAMOND, P.C.
Mark S. Kokanovich
Helen Hitz
BALLARD SPAHR LLP
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2026, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office by using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

/s/ *Christina M. Kinsey*____________________
Christina M. Kinsey